UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LYNELL AVERY DENHAM,

                Petitioner,

v.

GAVRIEL JACOBS, Deputy Prosecutor, King County Prosecuting Attorney's Office,

                Respondent.

Case No. C22-992-RJB-SKV

REPORT AND RECOMMENDATION

      This is a federal habeas action brought under 28 U.S.C. § 2241. Petitioner Lynell Denham filed this action on July 18, 2022, while confined at the Rio Consumnes Correctional Center in California pursuant to an extradition warrant issued by the State of Washington. *See* Dkt. 1 at 1. Petitioner asserted in his petition that the extradition warrant was unlawful because it was premised on fraudulent and/or unsupported charges. *Id*. at 1-2. At issue were charges of second-degree burglary and first-degree trafficking in stolen property which Petitioner was convicted of in 2017 in King County Superior Court. *See id*. at 1; Dkt. 1-2 at 2-3.

      Petitioner indicated in his petition that he had appealed his convictions to the Washington Court of Appeals, and the Court of Appeals reversed. *See* Dkt. 1-2 at 2; *see also State v. Denham,* 197 Wn.2d 759, 765-66 (2021). Petitioner was subsequently released from custody on

REPORT AND RECOMMENDATION
PAGE - 1

an appeal bond, and he returned to California where he resides. Dkt. 1-2 at 2. While Petitioner was out of custody, the state sought review of the Court of Appeals' decision in the Washington Supreme Court and, on July 1, 2021, the Supreme Court reversed the Court of Appeals and affirmed Petitioner's convictions. *See id.*; *see also Denham*, 197 Wn.2d at 773.

According to Petitioner, following issuance of the mandate by the Washington appellate courts, Deputy King County Prosecuting Attorney Gavriel Jacobs initiated the extradition process at issue here by sending a complaint to the United States Marshals Service in which he falsely reported that Petitioner was on fugitive status. Dkt. 1 at 8. Petitioner claimed in his petition that at the time the extradition process was initiated, he was unaware of any order directing his return to the Washington Department of Corrections ("DOC"), and the DOC never reported to any law enforcement agency that he was a fugitive. *Id*. Petitioner asserted that his detention pursuant to the extradition warrant was therefore premature and unlawful. *Id*. Petitioner also appeared to assert claims in his petition challenging the validity of his underlying convictions. *See id*. at 6-10.

On August 8, 2022, the Court issued an Order directing Petitioner to show cause why this federal habeas action should not be dismissed for lack of jurisdiction. Dkt. 4. The Court explained therein that a § 2241 petition for writ of habeas corpus must "be addressed to the district court which has jurisdiction over [the petitioner] or his custodian." *Id*. at 2-3 (citing *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980)). The Court observed that Petitioner's custodian was the official in charge of the Rio Cosumnes Correctional Center, an individual over whom this Court lacked jurisdiction, and advised Petitioner that if he wished to pursue a challenge to the extradition process, he would have to do so in the federal district in which he was incarcerated. *Id*. at 3.

REPORT AND RECOMMENDATION
PAGE - 2

The Court also explained in the Order to Show Cause that any intended challenges to Petitioner's underlying convictions would have to be brought under 28 U.S.C. § 2254, and only after his claims had been fully exhausted in the state courts. *See* Dkt. 4 at 3 (citing *White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004); 28 U.S.C. § 2254(b)-(c)). The Court observed that Petitioner appeared to indicate in his petition that he had not yet exhausted his state court remedies. *Id*. at 3 (citing Dkt. 1 at 6, 10.) The Court advised Petitioner that any challenge to his underlying convictions would therefore be premature. *Id*.

Petitioner was directed to file a response to the Order to Show Cause within thirty days and was advised that failure to timely respond would result in a recommendation that this action be dismissed. Dkt. 4. Petitioner thereafter moved for an extension of time. Dkt. 5. The Court granted Petitioner's requested extension and directed him to file his response to the Order to Show Cause not later than October 14, 2022. *See* Dkt. 6. To date, no response has been filed. Because it appears from the face of the Petition that this Court lacks jurisdiction to consider it, and because Petitioner failed to respond in any fashion to the Court's Order to Show Cause, the Court recommends that Petitioner's federal habeas petition and this action be dismissed with prejudice for lack of jurisdiction. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within

REPORT AND RECOMMENDATION
PAGE - 3

**fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 25, 2022**.

DATED this 1st day of November, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4